RECEIVED AND FILED
CLERK OF COURT

2013 OCT 14 A 8: 59

WEBSTER PARISH NUMBER: 73438

STATE OF LOUISIANA,
MILITARY DEPARTMENT
AND DEPARTMENT OF PUBLIC SAFETY,
OFFICE OF STATE POLICE

26TH JUDICIAL DISTRICT COURT

VS.

WEBSTER PARISH, LOUISIANA

EXPLO SYSTEMS, INC.,
CRUM AND FORSTER SPECIALTY
INS. CO., and
SENECA SPECIALTY INS. CO.

## PETITION FOR DAMAGES/RESPONSE COSTS AND FOR DECLARATORY JUDGMENT

The Petition of the State of Louisiana, Military Department (the "Military Department"), and the State of Louisiana, Department of Public Safety, Office of State Police (the "State Police") respectfully represents the following:

1.

Made defendants herein are the following:

a. EXPLO SYSTEMS, INC. (sometimes referred to herein as "Defendant" and/or "Explo"), a Louisiana corporation domiciled at 1600 Java Road, Minden, Louisiana, and whose agent for service of process is John M. Frazier, Wiener, Weiss & Madison, 333 Texas Street, Suite 2350, Shreveport, Louisiana 71101;

b. CRUM AND FORSTER SPECIALTY INSURANCE COMPANY, (sometimes referred to herein as "Crum and Forster"), a foreign insurer authorized to do and doing business in the State of Louisiana;

c. SENECA SPECIALTY INSURANCE COMPANY (sometimes referred to herein as "Seneca"), a foreign insurer authorized to do and doing business in the State of Louisiana; and

d. XYZ Insurance Company.

(All sometimes collectively referred to herein as "Defendants".)

2.

Venue is proper because the damages and releases occurred in Webster Parish, Louisiana.

3.

Jurisdiction is proper in the 26th Judicial District Court pursuant to the Louisiana Code of Civil Procedure and the claims of the Military Department and of the State Police are specifically within the Court's civil jurisdiction.

A TRUE COPY
ATTEST _____
Deputy Clerk District Court
WEBSTER PARISH, LA.

4.

The Military Department leased to Explo the following property located at 1600 Java

Road, Minden, Webster Parish, Louisiana:

| LEASE | PROPERTY |
|---|---|
| February 1, 2007 (amended July 1, 2010) | Area S-Primary: Building/igloo 1601, 1607, 1608, 1618, 1619, 1625, 1633, 1645, 1649; Area S-Secondary: Building/igloo 1602-1606, 1610-1613, 1615-1617, 1620-1624, 1626, 1628-1630, 1632, 1634-1637, 1640, 1644, 1646, 1648, 1650, 1653; L-2, L-3: Building/igloo 2401-2443, 2461-2478, 2361-2364; and Land for office (hereinafter referred to as the "Leased Premises"). |

(hereinafter referred to as the "Lease").

5.

Explo leased the Leased Premises from the Military Department for the purposes of

conducting its operations, which include, without limitation, the storage, thermal treatment and

disassembly of ammunition and recycling and separation of the remaining scrap or the

reprocessing explosive material from demilitarized ordinance.

6.

Upon information and belief, Explo also used or occupied other property, including

without limitation, land, buildings, igloos or other structures located at 1600 Java Road, Minden,

Louisiana, that were not subject to the Lease (hereinafter referred to collectively with the Leased

Premises as "Camp Minden").

7.

On or about October 15, 2012, an explosion occurred at an igloo being used by Explo that

was located on or about Camp Minden causing substantial property damage to the Leased

Premises, Camp Minden and surrounding areas. This October 15, 2012, explosion also caused

and created substantial pollution conditions and/or contamination at Camp Minden as the

materials that exploded included propellants, including M6 and other hazardous materials and/or

pollutants. Additionally, the contamination and/or pollution conditions that occurred on or about

2

Camp Minden as a result of this explosion will require substantial costs and effort to clean, restore and remediate.

8.

On or about November 28, 2012, inspectors employed by the State Police found millions of pounds of improperly stored hazardous materials and/or pollutants, including but not limited to millions of pounds of M-6 propellant, which were stored by Explo on or about Camp Minden. Explo's improper storage of millions of pounds of hazardous materials, explosives and/or pollutants has caused, and continues to cause, soil and/or water contamination and/or pollution conditions to Camp Minden.  Additionally, Camp Minden is littered with Explo's abandoned hazardous materials, explosives and pollutants that will require substantial costs and effort to clean, restore and remediate.  Explo has used property located on or about Camp Minden excessively and unreasonably in this regard.

9.

Upon information and belief, Explo's improper storage of the propellants, hazardous materials and/or pollutants caused the soil, surface-waters and ground waters of Camp Minden to be contaminated with the hazardous materials, including, but not limited to, millions of pounds of M-6 propellant.  Explo's failure to timely remove or remediate these pollutants and/or contaminants in the soils and ground waters of Camp Minden has allowed the pollution and/or contamination to migrate and spread, thereby causing damages, including, but not limited to, further damage to Camp Minden.   The improper storage and release of these substances required an extended and significant emergency response by the State Police.

10.

The Military Department did not have actual or constructive knowledge of the contamination and/or pollution conditions created by Explo's improper storage of millions of pounds of propellants, hazardous materials and/or pollutants until less than one year prior to the filing of this suit.

11.

Explo knew or should have known that its conduct would cause property damage and pollution and/or contamination to Camp Minden.  Explo had a duty to protect the Military

3

Department and Camp Minden from the effects of the explosion, contamination and pollution described herein.  Explo's conduct constitutes negligence, which gives rise to liability under Louisiana Civil Code Article 2315, in the following, non-exclusive respects:

    a.    failure to maintain its facility to the standards required by law;

    b.    failure to properly store millions of pounds of propellants, hazardous materials and/or pollutants;

    c.    failure to properly design, plan, oversee, implement and/or oversee the operations being carried out and conducted by Explo on or about the Leased Premises;

    d.    failure to maintain proper concern and regard for the safety of the Military Department and the Military Department's property;

    e.    failure to take necessary steps and measures to prevent the explosion and other explosions from occurring; and

    f.    failure to take necessary measures to insure that explosives stored on or about the Leased Premises would be stored in a safe manner.

12.

The acts, errors and omissions of Explo constituted activities for which the Defendants have assumed the consequences, and therefore absolute liability should be imposed upon Defendants under the provisions of La. C.C. Article 2315.  Further, Defendants are strictly liable to the Military Department under La. C.C. Article 667 for the damages caused by Explo's negligent and improper storage, discharge and disposal of explosive, toxic and/or hazardous materials on the Military Department's property. Further, Defendants are strictly liable to the Military Department under La. C.C. Articles 2317 and 2317.1 for the damages caused by the items and materials in Explo's *garde* in a manner in breach of Explo's duties and obligations under law and under the Lease.  Further, Defendants are liable to the State Police under La. R.S. 30:2373 for reasonable and extraordinary costs of its emergency response.

13.

Explo's conduct of its operations on the Leased Premises and Camp Minden and the associated explosion and improper storage, disposal or discharge of hazardous materials and/or pollutants and other wastes on the Military Department's property have created a continuing, ongoing and damaging nuisance to the Military Department and the Military Department's property.  Further, the continued presence of the hazardous materials and/or pollutants

4

constitutes a continuing trespass.   The continuous and ongoing migration of the hazardous materials and/or pollutants and the continuing presence of other wastes is causing new and ever increasing damage to Plaintiff's property, and such damage will continue until such time as these wastes are removed and remediated.

14.

Explo is responsible for all restoration obligations with respect to the Leased Premises, including the removal, restoration and remediation of all hazardous materials and/or pollutants and/or propellant materials located on the Leased Premises and/or Camp Minden.   Explo's obligation to restore the Leased Premises to its original condition is pursuant to the Lease as well as Louisiana law.

15.

Explo's conduct as described herein and above constitutes a breach of the Lease. Further, Explo has breached those standards imposed by the Louisiana Civil Code governing the conduct of prudent operators.

16.

The Defendants, Explo, Crum and Forster and Seneca, are in solido obligors for all damages and/or reimbursable costs of emergency response awarded to the Military Department and/or the State Police in this case.

17.

Crum and Forster and Seneca were named as Defendants pursuant to Louisiana's Direct Action Statute which provides jurisdiction over insurers who issue or deliver policies in Louisiana, as well as when injuries occur in Louisiana. The aforementioned jurisdiction criteria are present in this captioned matter.

18.

La. C.C.P. art. 1871 provides: "Courts or record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

19.

La. C.C.P. art. 1872 provides: "A person interested under a deed, will, written contract or other writing constituting a contract, or *whose rights, status, or other legal relations are affected* by a statute, municipal ordinance, *contract,* or franchise, may have determined *any question of construction or validity arising under the* instrument, statute, ordinance, *contract,* or franchise *and obtain a declaration of rights, status, or other legal relations thereunder."* (Emphasis added).

20.

La. C.C.P. art. 1880 provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

21.

Upon information and relief, Crum and Forster and/or Seneca are seeking to deny coverage under its policy issued to defendant, Explo.

22.

The issue of insurance coverage under the Crum and Forster contract directly affects the Military Department and the State Police in this case because, as solidary obligors, Defendants, Explo, Crum and Forster and Seneca are each responsible for 100% of any damages and/or response costs owed to the Military Department and/or the State Police.

23.

Additionally, under the express terms of the Lease, Explo was required to name the Military Department as an additional insured. Further, Explo was required to procure and maintain insurance against claims for damages to property which may arise from or in connection with Explo's operation and use of the Leased Premises.

24.

Accordingly, the ability of the Military Department to recover its damages in this captioned matter is directly and indisputably affected by the rights, construction of and validity of the insurance coverage provided by the Crum and Forster policy and/or the Seneca policy. The Military Department is also affected because it is the beneficiary of the policy obtained by Explo

to protect against the liability in this case, and thus, in addition to protecting Explo, the Military Department has an interest because it will seek to satisfy any judgment for damages from the Crum and Forster and/or Seneca policies' limits judicially declared.

25.

The Military Department seeks a declaratory judgment finding that Explo is covered for all damages and/or response costs that may be awarded to Plaintiffs as damages in this case under the Crum and Forster and/or the Seneca policies up to the judicially declared policies' limits.

26.

The Military Department and the State Police submit that a declaratory judgment on these contractual issues will promote judicial efficiency, clarify the rights and liability of the defendants and possibly hasten an end to this litigation.

27.

By reason of Defendants' negligence, fault, absolute liability and strict liability, as described above, and any other legal theories of liability, the Military Department is entitled to any and all damages allowed by law, including, but not limited to, claims:

a. for damages or any element of damages, including property damages related to the October 15, 2013, explosion;

b. for damages (including property damages, diminution of property value, any stigma attaching to the property), expenses, losses and causes of action of whatever nature arising out of, related to, caused by or connected in any way with the explosion and improper and unsafe storage of explosive and/or hazardous materials;

c. for attorney's fees or costs incurred in connection with any action related to the explosion and unsafe and improper storage of explosive and/or hazardous materials described herein;

d. for any other injury or damage, known or unknown, including, but not limited to, business interruption loss, loss of business opportunity, loss of profits, loss of income or other economic loss related to the explosion and unsafe and improper storage of explosive and/or hazardous materials described herein;

e. for any expenses incurred for any investigation, engineering service, cleanup, restoration, remediation or response or removal action with respect to any personal or real property, known or unknown, related to the explosion and unsafe and improper storage of explosive and/or hazardous materials described herein;

f. under any legal theory whatsoever, whether for negligence, strict liability, liability for ultrahazardous activities or conduct, absolute liability, liability for any wanton or reckless conduct, liability for intentional or deliberate acts, liability that is derivative

7

or vicarious arising out of the conduct or fault of others for which the defendant may be legally responsible, or any liability legally asserted or assertable under any Louisiana or local statute, directive, or regulation related to the explosion and unsafe and improper storage of explosive and/or hazardous materials described herein; and

g. for any statutory or other damages under any Louisiana law that may be available or discoverable from the explosion and unsafe and improper storage of explosive and/or hazardous materials described herein.

28.

The Military Department and the State Police show that, as State agencies, they are not required to pay court costs under La. R.S. 13:4521.

WHEREFORE, the Military Department and the State Police demand judgment against Defendants, and pray for the following relief:

I. In favor of the Military Department for any and all damages alleged in this Petition, as may be reasonable in the premises in accordance with the law and the evidence, including, but not limited to, property damage, diminution of value, stigma damage, loss of business, loss of income, other economic loss, loss of enjoyment, environmental investigation costs, any engineering service, cleanup, restoration or removal costs;

II. In favor of the State Police for all reasonable and extraordinary costs of emergency response;

III. Granting the Military Department legal interest on all awards of damages from date of judicial demand until paid and casting Defendants with all costs of these proceedings, including legal interest on all court costs and attorney fees paid by the Military Department;

IV. Awarding the Military Department attorney's fees and court costs;

V. In favor of the Military Department and State Police and against Defendants, EXPLO SYSTEMS, INC., CRUM AND FORSTER SPECIALTY INSURANCE COMPANY, AND SENECA SPECIALTY INSURANCE COMPANY, declaring that: (a) EXPLO SYSTEMS, INC., is insured for all damages/response costs that may be awarded to the Military Department and/or State Police against EXPLO SYSTEMS, INC., CRUM AND FORSTER SPECIALTY INSURANCE COMPANY and SENECA

8

SPECIALTY INSURANCE COMPANY; (b) the CRUM AND FORSTER SPECIALTY INSURANCE COMPANY and/or the SENECA SPECIALTY INSURANCE COMPANY policies provide coverage for all damages and/or response costs awarded to the Military Department and/or the State Police; and (c) a judicial determination of the CRUM AND FORSTER SPECIALTY INSURANCE COMPANY and SENECA SPECIALTY INSURANCE COMPANY policies' limits; and

VI. All other equitable and legal relief.

Respectfully submitted,

_____
Patrick R. Jackson
Patrick R. Jackson, APLC
Louisiana State Bar Roll No. 25722
4442 Viking Loop, Suite 100
Bossier City, Louisiana 71111
(318) 752-3335
(318) 752-3315 (facsimile)
ATTORNEY FOR STATE OF LOUISIANA,
MILITARY DEPARTMENT


Frank Blackburn, Bar Roll No. 14085
Ron Crouch, Bar Roll No. 4624
Paul Schexnayder, Bar Roll No. 17132
Post Office Box 66614
Baton Rouge, LA  70896
(225)925-6103
(225)925-4624 (facsimile)
ATTORNEYS FOR STATE OF LOUISIANA,
DEPT. OF PUBLIC SAFETY, OFFICE OF STATE
POLICE



PLEASE SERVE:

Explo Systems, Inc.,
Through its Agent for Service of Process:
John M. Frazier
333 East Texas Street
Suite 2350
Shreveport, Louisiana 71101

CRUM AND FORSTER SPECIALTY INSURANCE COMPANY
Through its Agent for Service of Process:
Louisiana Secretary of State

9

8585 Archives Avenue
Baton Rouge, Louisiana 70809

SENECA SPECIALTY INSURANCE COMPANY
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

STATE OF LOUISIANA,                           NUMBER 73438
MILITARY DEPARTMENT AND
DEPARTMENT OF PUBLIC SAFETY,                  26TH JUDICIAL DISTRICT COURT
OFFICE OF STATE POLICE
                                              WEBSTER PARISH, LOUISIANA
VERSUS

EXPLO SYSTEMS, INC.,
CRUM AND FORSTER SPECIALTY
INS. CO., AND SENECA SPECIALTY INS. CO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION AND ORDER FOR EXTENSION OF
## TIME TO FILE RESPONSIVE PLEADINGS

NOW INTO COURT, through undersigned counsel, come defendants, Crum and

Forster Specialty Insurance Company and Seneca Specialty Insurance Company, which suggest

to this Honorable Court that additional time is required to file responsive pleadings to the

Petition for Damages filed by State of Louisiana, Military Department and Department of Public

Safety, Office of State Police.  This is the first request for an extension of time.  Undersigned

counsel has conferred with opposing counsel and there is no objection to the filing of this

motion. Therefore, undersigned counsel requests an extension of fourteen (14) days from

November 4, 2013, up to and including, November 18, 2013, to file a response to the petition.

Considering the foregoing Motion;

IT IS ORDERED, ADJUDGED AND DECREED that the time within which to file

responsive pleadings is extended up to and including November 18, 2013.

Minden, Louisiana, this ⁴ day of November , 2013.

                                        S/Michael Nerren
                                        JUDGE, 26th Judicial District Court

THE DERBES LAW FIRM, L.L.C.

ERIC J. DERBES, T.A. (23,464)
WILBUR J. "BILL" BABIN, JR. (1214)
3027 Ridgelake Drive
Metairie, Louisiana 70002
Phone: (504) 837-1230
Fax:   (504) 832-0323
*Attorneys for Crum and Forster Specialty Insurance Company*
*and Seneca Specialty Insurance Company*

### Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing Motion has, this
2013, been served on all counsel of record in this proceeding:

( ) Via Hand Delivery         ( ) Via Prepaid U.S. Mail

( ) Via Facsimile             (✗) Via Electronic Transmission

( ) Via Certified Mail/Return Receipt Requested   ( ) Via Federal Express

ERIC J. DERBES (23,464)